BETTI SCHMAUNZ & another *vs.* JOHN GÖSS & others.

Suffolk. March 9, 1881. — Jan. 5, 1882. ENDICOTT, DEVENS & ALLEN, JJ., absent.

A testator by his will appointed his sister A. his heir, "to the effect that" she should have one fourth of his estate, and directed that her portion should "fall after her death" to persons named, and "shall be left behind" by A. to these persons. *Held*, that A. took an estate for life in one fourth of the estate, and that the persons named took a vested remainder in fee.

A testator by his will appointed B. and C. his heirs, "to the effect that" they should have one fourth of his estate each, and directed that "B. and C. leave to their legitimate descendants their portions received and to be received out of what I leave, so that if B. or C. should decease before me, their children step in the place of their father as heirs, respectively, of one quarter of what I

leave." *Held,* that B. and C. each took by the first clause one quarter in fee, and that the words of the last clause were too indefinite to cut down this estate to an estate tail.

A testator by his will appointed his niece D. his heir, " to the effect that " she should have one fourth of his estate. The will also provided that the half of her portion should fall to two persons named and their descendants in two equal parts, if she deceases without heirs of her body; otherwise she is succeeded by her descendants alone. *Held,* that as to one half of D.'s portion she took an estate in fee, and that as to the other half she took an estate in fee determinable upon the event of her dying without leaving at her death heirs of her body, with an executory devise over in fee to the persons named.

PETITION for partition of a parcel of land in Hanover Street, Boston. The case was heard by *Colt,* J., upon the following agreed facts :

The petitioners and respondents derive their title under the will of George Dörnhofer, who had his domicil in Nuremberg, Bavaria, and who died seised of the land in question on November 8, 1874. His will was duly admitted to probate in this county, and contained the following provisions :

" As heirs of what I leave, I hereby ordain and appoint my sister Magdalena Schubert, John Göss, Jacob Göss, and Betti Schmaunz, to the effect that each of these four persons should take a quarter of all I leave, in equal rights and portions.

" I hereby direct that the portion which my sister Magdalena Schubert receives from what I leave shall fall after her death to the children of her deceased son Erhard Schubert, and shall be left behind by my sister Magdalena to these said children of Erhard Schubert.

" Likewise, the half of the portion which the said Betti Schmaunz receives out of what I leave shall fall to John Göss and Jacob Göss and their descendants, in two equal parts, if Betti Schmaunz deceases without heirs of her body; otherwise, she is succeeded by her descendants alone, as also John Göss and Jacob Göss leave to their legitimate descendants their portions received and to be received out of what I leave, so that if John or Jacob Göss should decease before me, their children step in the place of their father as heirs, respectively, of one quarter of what I leave."

Magdalena Schubert, sister of the testator, died in November 1875, leaving a husband, two children, Theodore Schubert and Elise Eckstein, and nine grandchildren, the children of her

son, Erhard Schubert, who died before the testator. In December, 1874, shortly after George Dörnhofer's death, Magdalena Schubert made a will, which made no specific mention of the property left her by Dörnhofer, and by which, subject to a life estate in her husband, she divided her property between her son Theodore and her daughter Elise.

Betti Schmaunz, the niece of the testator and the wife of John Schmaunz, is about fifty-nine years old, and has never had any children. John and Jacob Göss are both living. John has six children and Jacob five, all minors.

The premises cannot be advantageously divided, and the court may order the commissioners to make sale of the whole of the premises, and to distribute the proceeds in such manner as to make the partition just and equal.

The judge ordered judgment for partition by a sale; and reserved the case for the determination of the full court.

*J. L. Thorndike,* for the petitioners.

*J. Willard,* for the husband and children of Magdalena Schubert.

*A. Lincoln,* for John Göss and Jacob Göss.

*J. M. Olmstead,* for the minor children of John Göss and Jacob Göss.

*C. H. Hill,* for the children of Erhard Schubert.

FIELD, J. The intention of the testator as expressed in his will must be carried out, if it can be done consistently with the law of this Commonwealth. The testator first ordains and appoints Magdalena Schubert, John Göss, Jacob Göss and Betti Schmaunz, his heirs, "to the effect that each of these four persons should take a quarter of all I leave, in equal rights and portions." These provisions, standing alone, would entitle each to one undivided quarter part in fee simple of all his real estate. An estate in fee simple is not to be cut down to a less estate by the subsequent terms of a will, unless they show a clear intention to that effect.

The testator then directs "that the portion which my sister Magdalena Schubert receives from what I leave shall fall after her death to the children of her deceased son, Erhard Schubert." This language is distinct and clear, and plainly restricts her interest in the real property devised to her to an estate

for her life, with a vested remainder in fee in the children of Erhard Schubert. The words which next follow, namely, " and shall be left behind by my sister, Magdalena, to these said children of Erhard Schubert," may be construed to express the intention of the testator that she should have no power of disposition by deed or will over the estate which " shall fall after her death " to these children, which intention is carried into effect by giving them a vested remainder in fee.

The words relied on for cutting down the estates of John Göss and Jacob Göss to estates tail are too indefinite and ambiguous to justify such a construction.

The word " descendants " has not the same precise technical signification as the words " heirs of the body," and is apparently used by the testator as synonymous with children, and the words " so that if John Göss or Jacob Göss should decease before me, their children step in the place of their father as heirs," as explanatory of what is meant by the words " as also John Göss and Jacob Göss leave to their legitimate descendants their portions received or to be received out of what I leave," may indicate that the testator used the word " descendants " only to describe the persons who should take the estate devised to John Göss or Jacob Göss, in the event that they or either of them died before the testator. The will purports to dispose of all the testator leaves, and the general intention of the testator may be considered in construing the particular provisions relating to John and Jacob Göss, and tends to show that estates in fee were devised to them, and not estates tail, because the remainders contingent upon the determination of estates tail are nowhere devised by the will.

There is no language in the will that affects one half of the portion first devised to Betti Schmaunz in fee. The principal doubt arises in regard to the remaining half of her portion, which is one eighth of the testator's estate. It has been argued, first, that in this remaining one eighth Betti Schmaunz takes an estate in fee tail with remainder in fee in John Göss and Jacob Göss; second, that she takes an estate for her life with remainder in fee in her descendants or children if she die leaving heirs of her body, otherwise with remainder in fee in John Göss and Jacob Göss; and, third, that she takes an

estate in fee, determinable in the event of her dying without leaving heirs of her body, with an executory devise over to John Göss and Jacob Göss.

It is an established rule of law, that a devise to one, and, if he die without heirs of his body, then over to another, creates an estate tail in the first taker, whatever the actual intention of the testator may have been; but words qualifying such a devise, which show that the testator had in mind a definite failure of issue on the decease of the first taker, and made provision for that, will defeat such a construction. The will, after making provision that the portion of Magdalena Schubert "shall fall after her death" to the children of Erhard Schubert, proceeds in these words: "Likewise the half of the portion which the said Betti Schmaunz receives out of what I leave shall fall to John Göss and Jacob Göss and their descendants in two equal parts if Betti Schmaunz deceases without heirs of her body; otherwise, she is succeeded by her descendants alone."

These words tend to show that the testator intended that one half of the portion of Betti Schmaunz, if she decease without heirs of her body, shall fall after her death to John Göss and Jacob Göss, in like manner as the portion of Magdalena Schubert shall fall after her death to the children of Erhard Schubert, and that it was a definite failure of issue on the death of Betti Schmaunz for which the testator made provision. That the clause creating the limitation is a distinct and subsequent clause to that devising the fee, has been considered a material circumstance in this Commonwealth. *Brightman* v. *Brightman*, 100 Mass. 238. The words "otherwise she is succeeded by her descendants alone" may in the connection in which they are used mean no more than is expressed in the case of John Göss and Jacob Göss, that they should take her place as heirs of the testator if she die before the testator, or they may mean that if she left heirs of her body she was to take and transmit an inheritable estate, such as John Göss and Jacob Göss each took, and which would be inherited by her children if she died seised of it and intestate. As we have held that John and Jacob Göss took estates in fee simple, notwithstanding the provisions concerning their descendants, so we are of opinion

that the words " otherwise she is succeeded by her descendants alone " are too indefinite and ambiguous to cut down the estate first given in fee to Betti Schmaunz, either to an estate for her life or to an estate in fee tail; and that she holds an estate in fee simple in this remaining one eighth of the testator's estate, determinable upon the event of her dying without leaving at her death heirs of her body, with an executory devise over in fee to John Göss and Jacob Göss dependent upon that contingency.

The children of Erhard Schubert are therefore entitled to one fourth of the proceeds of the sale; John Göss to one fourth; Jacob Göss to one fourth; and Betti Schmaunz to the remaining one fourth, one half of which she will hold absolutely to her own use, and of the remaining half she will be entitled to the use and income only during her life.

No facts appear in the agreed statement of facts which require the court to order Betti Schmaunz to give security that she will not waste, secrete, or remove this half of the fund to the income of which she is entitled. *Taggard* v. *Piper*, 118 Mass. 315. *Fiske* v. *Cobb*, 6 Gray, 144. *Homer* v. *Shelton*, 2 Met. 194.

But as this question has not been argued at the bar, and was not apparently considered in the agreed statement of facts, if it can be considered and determined under this petition for partition, John Göss or Jacob Göss should not be precluded from making an application for security to the justice, by whom the details of the judgment to be entered in this case must be settled.

The judgment of partition must be affirmed, and the commissioners ordered to make a sale and conveyance of the whole premises, and to distribute the proceeds in accordance with this opinion.                    *Ordered accordingly.*