DUDLEY A. DORR, trustee, *vs.* MARY C. JOHNSON & others.

Suffolk.    December 7, 1897. — March 29, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equitable Estate in Fee* — " *Without Issue* " — *Vested Remainder* — *Executory Devise* — *Termination of Trust.*

A testator gave by will all his property, real and personal, " in trust for the use and benefit " of his granddaughter M. until she arrived at the age of twenty-three years, but, if she should marry before arriving at that age, then she was to hold the property " to her own use and free from the control or interference of her husband or any of his creditors," and, in case of her decease " without issue," one half of the same was to go to a certain asylum, and one half to the testator's " sister E. and her heirs forever." *Held,* on the death of M. at the age of thirty-five unmarried and without issue, that the asylum was entitled to one half of the property, and the heirs of E., who had also deceased, to the other half.

BILL IN EQUITY, filed September 26, 1896, by the trustee under the will of Catherine Johnson, to obtain the instructions of the court as to the construction of the will.

The material portions of the will are as follows:

" First.    It is my will that all my just debts and funeral expenses be paid by my executor hereinafter named as soon after my decease as can conveniently be done.

" Second.    I give and bequeath all my property, real, personal, and mixed, of every name and nature, to Edward Rowlands of said Boston and his successors, to hold in trust for the use and benefit of my beloved granddaughter Mary Emma Johnson of said Boston, minor.

" Third.    It is my will that said Edward Rowlands shall act in said capacity of trustee until said Mary Emma Johnson shall have arrived at the age of twenty-three years; but if said Mary Emma Johnson marries before she arrives at said age of twenty-three years, then she shall hold said property to her own use and free from the control or interference of her husband or any of his creditors.

" Fourth.    In case of the decease of said Mary Emma Johnson without issue, then it is my will that said property be divided

in the manner following, to wit: one half thereof to the Saint Vincent de Paul Orphan Asylum situated in said Boston, and one half to my beloved sister Eleanor Rowlands and her heirs forever."

The bill alleged that the testatrix deceased, and her will was duly admitted to probate, in 1879; that Edward Rowlands and his successor Russ, having deceased, the petitioner was duly appointed trustee in 1892; that Mary Emma Johnson never was married, and died without issue in July, 1895, aged about thirty-five years, leaving as her heir at law her mother, Mary C. Johnson, who had during the life of said Mary Emma received from the trustee the income of the trust fund, and that William E. Cassidy had been appointed administrator of the estate of said Mary Emma, and that Eleanor Rowlands, mentioned in the fourth clause of the will, had also deceased, leaving as her next of kin the following persons: Frank H. Rowlands of said Boston, Catherine Shackford of Syracuse, New York, Mary E. Leman of San Francisco, California, and Mary Eleanor Rowlands of Providence, Rhode Island; that after the decease of Mary Emma, the petitioner, as trustee, without notice to Mary C. Johnson, and before the appointment of an administrator on the estate of Mary Emma, proceeded to dispose by public sale of the parcel of real estate which constituted the principal of the trust fund; and had conveyed the same to the purchaser at the sale, and the Saint Vincent de Paul Orphan Asylum and the next of kin of Eleanor Rowlands had made confirmatory deeds to the purchaser; that after the payment of necessary expenses of the sale there was a balance of about $1,800 in the hands of the trustee for payment to the person or persons entitled to the same; that Mary C. Johnson, and William E. Cassidy, administrator of the estate of said Mary Emma, contend that under the provisions of the will they were entitled to the whole of said balance, and the Saint Vincent de Paul Orphan Asylum and the heirs at law of Eleanor Rowlands contend that under the fourth clause of the will one half of the said proceeds belonged to the Saint Vincent de Paul Orphan Asylum, and the other one half to the heirs at law of said Eleanor Rowlands.

*H. Dunham & J. F. Wheeler,* for Mary C. Johnson.

*W. E. Cassidy, pro se.*

*F. J. Tuttle*, for the heirs at law of Eleanor Rowlands.

*J. P. Leahy*, for the Saint Vincent Orphan Asylum.

LATHROP, J.   While the second clause of the will before us, taken by itself, might be held, under the Pub. Sts. c. 127, § 24, to give to Mary Emma Johnson an equitable estate in fee, yet, as there are no words of inheritance, the intention of the testator is to be gathered from the will taken as a whole.   Turning to the other provisions of the will, we find in the third clause no words of inheritance, and the object of this clause is to terminate the trust estate in two events, the first being the arrival of the devisee at the age of twenty-three years, and the second being her marriage before that age.   The fourth clause, we are of opinion, shows clearly that it was not the intent of the testatrix to give to the devisee an absolute fee simple, in case she died without issue.

If the words " without issue " mean an indefinite failure of issue, then Mary Emma took an estate tail, and the Asylum and Eleanor Rowlands took vested remainders.   *Parker* v. *Parker*, 5 Met. 134.   *Hayward* v. *Howe*, 12 Gray, 49.   *Whitcomb* v. *Taylor*, 122 Mass. 243, 249.   If the words mean a definite failure of issue, then Mary Emma took an estate in fee simple, terminable upon her dying without issue then living, and the Asylum and Eleanor Rowlands took by way of executory devise.   *Brightman* v. *Brightman*, 100 Mass. 238.   *Schmaunz* v. *Göss*, 132 Mass. 141, 145.   *Hooper* v. *Bradbury*, 133 Mass. 303, 304.

In either case the Asylum and Mrs. Rowlands or her heirs, as she is dead, are entitled to the fund realized by the sale of the estate by the trustee with their assent.

*Decree accordingly.*