LUCY JANE ANDREWS *vs.* MARY ANN SARGENT'S ESTATE.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, and WATSON, JJ.

Opinion filed February 17, 1899.

*Construction of Will—Shifting Executory Bequest.*—The will gave each of the testator's daughters five hundred dollars, thus, one hundred and fifty dollars in certain personal property when and in case she should be married within eight years from the date of the will, and the balance in cash at the end of that period, and if not married within that time five hundred dollars in cash at the end of the eight years. It then provided that if either daughter should die leaving no children, her legacy should be divided among the survivors. *Held*, to mean, if she should die without children *before the expiration of the eight years,* and that, all having lived beyond that period, each took her share absolutely, so that upon her subsequent death without children her share passed under the statutes of descent instead of to her surviving sisters.

APPEAL FROM PROBATE. Heard on an agreed statement of facts, at the March term, 1898, Rutland county, *Start,* J., presiding. The decree of the probate court was affirmed. The plaintiff excepted.

Clauses 5 and 6 of the will read as follows:

"5th. I give and devise to my daughters, Mary Ann, Lucy Jane and Clarissa B., above named the sum of four hundred dollars each payable by my residuary legatee hereinafter named, in the following manner, to wit: The sum of one hundred and fifty dollars each in furniture or a cow and ten sheep, all at cash price, any time upon reasonable notice when they or either of them should marry, and the balance (or the sum of three hundred and fifty dollars each), payable in eight years from this date, and in case all or either of them should not marry within the time of eight years, as above, the whole sum shall be payable at the end of said period in cash.

"6th. It is my will that if either of my daughters should decease leaving no heirs, that their legacy above named should be divided among such of them as shall survive." .

*E. J. Ormsbee* and *J. C. Baker* for the plaintiffs, cited 2 Williams on Executors, 567; *Re Luddy,* 25 Ch. D. 394; *Re Hayward,* 19 Ch. D. 470; *Shepard's Heirs* v. *Shepard's Estate,* 60 Vt. 109. ·

*Charles L. Howe* and *Butler & Moloney* for the defendant.

TAFT, C. J. The question before us arises upon the construction of the will of David Richardson dated in February, 1847. He died in August following, and soon afterwards his will was duly proved. He gave each of his three daughters, Mary Ann, Lucy Jane, and Clarrissa B., in case she married within eight years from the date of the will, one hundred and fifty dollars in certain personal property, but if not married within that time, he gave her five hundred dollars, payable in cash at the end of that period, with this proviso: "6th It is my will that if either

of my daughters should decease leaving no heirs, that their legacy above named should be divided among such of them as shall survive." It is agreed the word, "heirs" shall be construed as "children." Mary Ann married Junia Sargent about 1862, and died in April, 1896, never having had children. Clarissa B. died prior to the decease of Mary Ann. Lucy Jane survives, and as such survivor claims the five-hundred-dollar legacy which Mary Ann received in 1882, and which she, during her life, kept intact. If Lucy Jane is not entitled to it, it passed, under the laws of this State, to Junia Sargent, the husband of Mary Ann. The proviso in the will did not create a condition, for upon a condition there can be no gift over to a third person. Conditions can only be reserved for the benefit of the grantor and his heirs. A stranger cannot take advantage of the breach of them. 4 Kent's Com. 127. The proviso created a conditional limitation, a term used in the sense of a shifting executory bequest, the effect of which is to cut short an estate previously created and substitute another in its stead. 4 Kent's Com. (14th Ed.) 128 note *a*; Gray's Restr. on Alien. (2nd Ed.) § 22 note 1. Thus, by the will, the bequest is to Mary Ann, but if she dies unmarried, her estate is cut short and shifted to the survivor or survivors. One estate is cut short, and another substituted in its place. The important question is, to what time did the testator refer in the clause "if either of my daughters should decease leaving no heirs (children)" etc. Was it the time the legacies were payable, or at some indefinite time thereafter? The estate vested in interest upon the death of the testator, subject to be divested in case the legatee died, leaving no children, before the eight years elapsed, that being the time when the legacy became payable. We hold that the words in the proviso, "if either of my daughters should decease leaving no heirs (children)" etc., refer to the time when the legacies became due; when they vested in possession, at the expiration of eight years from the date of the will. Such

was the manifest intent of the testator. The language of the sixth clause indicates such intent: "It is my will that if either of my daughters should decease leaving no heirs (children) that their legacy above named should be divided among such of them as shall survive." It is a direct reference to the time the bequests become payable. There is nothing in the will to indicate an intent to create a life estate in the five hundred dollars, in those dying leaving no children. It is natural to suppose the testator intended a benefit to those rearing children. Two of the daughters might have reared large families, but if they survived their children and died before the third sister, who may have remained unmarried, the latter would take the legacies of the mothers, and the whole fund pass to the childless. The manifest intent of the testator was, that at the end of the eight years the three legacies of fifteen hundred dollars should be divided among the survivors of the three daughters in case the deceased ones left no children.

The record discloses the fact that the testator had three daughters and two sons; and it is fair to infer from the facts stated that the sons took the estate valued at more than ten thousand dollars and paid the legacies due the daughters, viz: the fifteen hundred dollars. Is it probable the testator would give his daughters the small legacy specified and limit their interest to life estates unless they, at the end of what might be a long life, had children surviving them? We think not. It was for the reason of supporting the will of the testator that executory devises or bequests were instituted, for when it was evident that the testator intended a contingent remainder, and when it could not operate as such by the rules of law, the limitation was then, out of indulgence to wills, held to be good as an executory devise or bequest. 4 Kent's Com. 264.

> *Judgment Affirmed and ordered certified to the probate court.*