CHARLES C. DONNELL & others *vs.* NEWBURYPORT
HOMŒOPATHIC HOSPITAL & others.

Essex.    March 6, 7, 1901. — May 24, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise and Legacy,* Construction.

A testator died seised of four parcels of land, leaving a widow, one son and one daughter. One half of one parcel of land, on which was his house, he gave to his son when he should arrive at the age of twenty-one years and gave him the remaining half on the death of the testator's widow. He also gave his son another parcel either outright or on the same terms. The remaining two parcels he gave to his daughter when she should arrive at the age of twenty years. Then followed this clause: "My personal estate to be divided in the manner following after my estate is settled, my wife to have one half, and my two children the remainder in equal shares, if they live to the age of twenty-one years, and if my children should die childless what remains of my estate both real and personal, after the decease of my wife, to descend to the heirs of G. D." Both the son and daughter survived the widow and both died childless after reaching the age of twenty-one years. *Held,* that the contingency intended to be described was the event of the testator's children dying childless before reaching the age of twenty-one years, and that G. D. took nothing.

WRIT OF ENTRY by Charles C. Donnell and others, heirs and next of kin of George Donnell, claiming under the will of Joseph Toppan of Newbury against the Newburyport Homœopathic Hospital, the General Charitable Society of Newburyport, and the Society for the Prevention of Cruelty to Animals of Newburyport and vicinity, residuary devisees and legatees under the will of Ann G. Toppan, daughter of Joseph, dated July 17, 1900.

In the Superior Court, *Pierce,* J., found for the demandants and ordered judgment entered for them, and the tenants appealed.

The will of Joseph Toppan, omitting the introductory and attesting clauses, was as follows:

" My real estate to be divided in the following manner, the southerly half of the house I now live in, with half the land under and adjoining the same, with the privilege of using the entryway, I give and bequeath to my son Joseph when he shall arrive at the age of twenty-one years and the remaining half to

be his at the decease of my wife.    Also the house and land now occupied by Benjn. Colby.

"To my daughter Ann G. I give the brick store, with the land under and adjoining the same now occupied by D. H. Knight, also the lot of land adjoining Hancock and Washington Streets, when she arrives at the age of twenty years.

"My personal estate to be divided in the manner following after my estate is settled, my wife to have one half, and my two children the remainder in equal shares, if they live to the age of twenty-one years, and if my children should die childless what remains of my estate both real and personal, after the decease of my wife, to descend to the heirs of George Donnell."

George Donnell was a nephew of the testator.

All the material facts are stated in the opinion of the court.

*H. P. Moulton*, for the Newburyport Homœopathic Hospital.

*H. I. Bartlett*, for the General Charitable Society of Newburyport.

*R. G. Dodge*, for the Society for the Prevention of Cruelty to Animals in Newburyport.

*J. T. Choate*, for the demandants.

LATHROP, J. The question in this case is: What property passed by the will of Joseph Toppan to his son Joseph L. and to his daughter Ann G., who, with their mother, the testator's widow, survived him. The son at his father's death was thirteen years old and the daughter eleven. The testator died seised of four parcels of land. He gave one half of one parcel, on which was his house, to his son Joseph when he should arrive at the age of twenty-one years, and the remaining half at the death of the testator's widow. He also gave to his son one other parcel. The remaining parcels he gave to his daughter, when she should arrive at the age of twenty years. Then followed this clause: "My personal estate to be divided in the manner following after my estate is settled, my wife to have one half, and my two children the remainder in equal shares, if they live to the age of twenty-one years, and if my children should die childless what remains of my estate both real and personal, after the decease of my wife, to descend to the heirs of George Donnell."

The testator died in 1842. His widow died in 1850. Joseph

L. Toppan died intestate in 1895, leaving no widow, and as his only next of kin his sister, Ann G. Toppan, who died in 1899, leaving a will by which she devised the land in question to the tenants.   Neither the son nor the daughter was ever married.

The claim of the demandants is under the last clause of the will, as the heirs of George Donnell, on the ground that the two children died childless.

We are of opinion, however, that the contention of the demandants is not in accordance with the intention of the testator. He had already disposed of all the real estate subject to two contingencies.   His son was to have one half of one lot on reaching the age of twenty-one, and the other half at the decease of the testator's wife.   Then follow the words: " Also the house and land now occupied by Benjn. Colby."   It can make no difference in this case whether this is to be construed as an absolute devise, or as one upon the same terms as the other.   The devise to the daughter was to take effect when she became of the age of twenty.   The testator then disposed of his personal property, one half to his widow, and one half to his children if they should live to the age of twenty-one.   It then apparently occurred to the testator that if his children died before reaching the age of twenty-one, no provision was made for a portion at least of the real estate, and one half of the personal property.   He evidently wished, if one of his children died before that age, leaving a child or children, that such child or children should take the parent's share ; and if the children died childless before the age of twenty-one, what remained, as it would go to the widow of the testator, should pass on her death to the heirs of George Donnell, a nephew of the testator.

This is not a case of a devise to A. for life, either with or without a limited power of disposition, with remainder to B., and the case does not fall within the class of cases relied upon by the demandants, namely, *Whitcomb* v. *Taylor*, 122 Mass. 243, *Hooper* v. *Bradbury*, 133 Mass. 303, *Welch* v. *Brimmer,* 169 Mass. 204, and *Dorr* v. *Johnson*, 170 Mass. 540.

The will is an illiterate one, but the construction which we have adopted favors the early vesting of interests, and is in accordance with the authorities, both in this country and in England.   *Hilliard* v. *Kearney*, Busb. Eq. 221.   *Burton* v. *Conig-*

*land,* 82 N. C. 99. *Andrews* v. *Sargent,* 71 Vt. 257. *Phelps* v. *Bates,* 54 Conn. 11. *Beltzhoover* v. *Costen,* 7 Barr, 13. *Home* v. *Pillans,* 2 Myl. & K. 15. *Monteith* v. *Nicholson,* 2 Keen, 719. *In re Johnson's trusts,* 10 L. T. (N. S.) 455. *In re Hayne's trusts,* 18 L. T. (N. S.) 16. *Clark* v. *Henry,* L. R. 11 Eq. 222. *In re Dowling's trusts,* L. R. 14 Eq. 463. See also Smith on Executory Interests, in Appendix to Fearne on Cont. Rem. (10th ed.) 347.

It follows that the finding of the judge of the Superior Court in favor of the demandants must be reversed, and judgment should be entered for the tenants.

*So ordered.*