FRANCIS C. WELCH, trustee, *vs.* WILLIAM D. M. HOWARD & others.

Suffolk. March 19, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy,* Time of vesting. *Words,* "Heirs at law."

A provision in a will, that, "Upon the decease or marriage of my said wife and the decease of the last survivor of my said four children, my trustees shall divide and distribute all said trust property and estate among my heirs-at-law, according to the statutes which shall then be in force," indicates an intention that the distribution shall be among those persons who would have been the testator's heirs at law according to existing statutes if he had died at the time of the death of the last survivor of his wife and children.

An intention clearly manifested, in the will referred to above, to exclude the testator's widow from any participation in the income or principal of his estate in case of her remarriage, was *held* to be an indication that the testator did not use the phrase "heirs at law" literally to describe such heirs as of the time of his death and thus include his widow as one of them.

In the interpretation of the will containing the provision above described, where the testator's wife and children were the testator's only heirs at law at the time he made his will and at the time of his death, the fact that the distribution of the residue was not to be made until the death of the last survivor of them unless his wife should remarry and then upon the death of the last survivor of his children, so that their interest as heirs at law never could vest in possession, justifies an inference that the testator did not intend the remainder to vest in them as his heirs at law but intended instead that such remainder should be distributed among those persons who would have been his heirs at law if he had died at the time of the death of the last survivor of his wife (if she did not remarry) and his children.

In the same case it was *held* that, under the provision quoted above directing that "my trustees shall divide and distribute all said trust property," and under a power contained in another article of the will giving the trustees power to "make, execute and deliver all deeds, leases and other instruments that may be proper in the execution of the trusts and powers herein conferred upon them," the trustees held the real estate constituting a part of the trust property for the purpose of distribution by conveyance, and that it did not vest, without conveyance, immediately on the death of the last survivor of the testator's widow (who did not remarry) and his four children in the persons designated by the statute then in force.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 27, 1916, by the sole trustee under the will of Nathaniel Whiting, late of Watertown, who died on November 18, 1871, for instructions, containing the prayers which are quoted in the opinion.

The will of Nathaniel Whiting was dated September 23, 1871. The fourth article of the will was as follows:

"Fourth: All the rest and residue of my property and estate, of every description, real, personal and mixed, of which I shall die seized, or to which I shall be entitled at the time of my decease, I give, devise and bequeath to John P. Healy, of Boston, in the County of Suffolk and Commonwealth aforesaid, my son, Arthur N. Whiting, and J. Franklin Fuller, of said Boston, in trust, nevertheless, that they shall prudently manage the same, and take the income thereof, and after paying therefrom all taxes and premiums for insurance thereon, all expenses for repairs upon the real estate, and all other expenses incident to the proper care, management and preservation of all the trust property and estate, and a reasonable compensation for their own services, they shall dispose of the net income remaining, so long as my said wife shall live and remain my widow, or either of my four children hereinafter named shall live, as follows, viz.: they shall pay to my brother, Timothy Whiting, one thousand dollars annually, by quarter-annual instalments, during his life, in such ways and manner as that all sums paid to him shall be used for his support and comfort, and not be liable for any debt or debts he may owe; and they shall pay to my nephew, Horatio Whiting, six hundred dollars annually, by quarter-annual instalments, during his life, in like ways and manner, and affording him a like protection — my purpose being in each case to provide the means for the support of my relative, and not to give money to his creditors. The residue of said net income shall be divided, quarter-annually, among my said wife and my four children, Adelaide M. Whiting, Arthur N. Whiting, Anna D. Whiting and Dwight Whiting, so long as my said wife shall live and remain my widow and all my said children shall live, equally, share and share alike. When my said wife shall die or be married, my trustees shall divide her said share of said income among my said children, or the survivors of them, and the issue of my deceased children, if any, by right of representation, equally share and share alike. When and as often as any one of my said children shall die, if the child so dying shall leave issue surviving, my trustees shall pay to such issue the share of said income which would be payable to the deceased child if living; if the child so dying shall leave

no issue surviving, my trustees shall pay the share of said income which would be payable to the deceased child if living, to my said wife, if living and unmarried, and the survivors of my said four children and the issue of my deceased children, if any, by right of representation, equally share and share alike; and if my said wife shall be dead or married, to the survivors of my said four children and the issue of my deceased children, if any, by right of representation, share and share alike.

"Upon the decease or marriage of my said wife and the decease of the last survivor of my said four children, my trustees shall divide and distribute all said trust property and estate among my heirs-at-law, according to the statutes which shall then be in force in said Commonwealth, regulating the distribution of intestate estates, unless my said brother and my said nephew, or either of them, shall then be living. If my said brother and my said nephew, or either of them, shall then be living, my trustees shall, before making said division and distribution among my heirs at law, reserve enough of the trust property or estate to secure to them respectively the full provision hereinbefore made for them."

Timothy Whiting died about 1873. Horatio Whiting also died. Rebecca Whiting, the widow of Nathaniel Whiting, never remarried and died intestate on April 20, 1906, leaving as her heirs at law and next of kin her two children, Anna Dwight Howard and Dwight Whiting, and one grandchild, Ethel Whiting Otis, the daughter of Arthur N. Whiting.

The case came on to be heard by *Pierce,* J., who reserved it for determination by the full court.

*B. Corneau,* for the plaintiff, stated the case.

*F. Rackemann & F. Brewster,* for Gertrude H. Whitwell and others.

*A. J. Selfridge,* for William D. M. Howard and another.

*Joseph Wentworth,* for John K. Howard and another.

*J. L. Hall,* special administrator, and named as executor in pending will of Anna D. Howard.

*J. C. Bassett,* for Emily S. Perkins and others.

*R. H. Gardiner, Jr.,* for Ethel W. Otis.

*C. Hunneman,* administrator *de bonis non* of Adelaide (Whiting) Fullerton.

PIERCE, J.  This is a bill for instructions by the sole trustee under the will of Nathaniel Whiting.  Specifically he asks: " (a) To what person or persons is the estate now held by the plaintiff as sole trustee under the will of said Nathaniel Whiting to be transferred and paid over and in what proportions?  (b) Does the plaintiff under the terms of the will of said Nathaniel Whiting and independent of the provisions of R. L. c. 147, § 20, now hold for the purpose of distribution title to the real estate constituting part of the trust property held by the plaintiff under the will of said Nathaniel Whiting at the date of the death of the last survivor of his widow and surviving children?"

By the fourth article of his will, after making certain provisions for the payment of the income of the trust estate to his wife, to his children or their issue and to a brother and nephew, the testator provided as follows: "Upon the decease or marriage of my said wife and the decease of the last survivor of my said four children, my trustees shall divide and distribute all said trust property and estate among my heirs-at-law, according to the statutes which shall then be in force in said Commonwealth, regulating the distribution of intestate estates, unless my said brother and my said nephew, or either of them, shall then be living.  If my said brother and my said nephew, or either of them, shall then be living, my trustees shall, before making said division and distribution among my heirs-at-law, reserve enough of the trust property or estate to secure to them respectively the full provision hereinbefore made for them."

The question presented is whether the trust estate is to be divided and distributed among those who were the heirs at law of the testator at his death, November 18, 1871, and if so, whether among those who were heirs under the then statutes, or those under statutes in force at the date of the termination of the trust; or whether the trust estate is to be distributed among those who would have been his heirs at law if he had died at the date of the death of the survivor of the life tenants on July 7, 1916.

Subject to the cardinal rule in the interpretation of wills that the intention of the testator shall prevail provided it is consistent with rules of law, *Sears* v. *Russell,* 8 Gray, 86, *Knowlton* v. *Sanderson,* 141 Mass. 323, *Welch* v. *Brimmer,* 169 Mass. 204, *Heard* v. *Read,* 169 Mass. 216, *McCurdy* v. *McCallum,* 186 Mass. 464, it

is the general rule "that, in case of an ultimate limitation like that of the fund in question to the testator's heirs at law, the persons to take are those who answer the description at the time of the testator's death." *Whall* v. *Converse,* 146 Mass. 345, 348. We are of opinion that the intention of the testator that the remainder should go to those persons who would have been heirs at law of the testator, if he had died immediately after the death of the last survivor of his four children, manifestly appears from the express direction of the testator that the trustees "shall divide and distribute all said trust property and estate among my heirs-at-law, according to the statutes which shall then be in force."

If such interpretation be not required by the construction of the precise language of this will, as in the will construed by this court in *White* v. *Underwood,* 215 Mass. 299, ample and plain reason therefor arises from the fact that the expressed intent, that the interest of the widow in the estate should determine absolutely on remarriage, would be defeated if the remainder was construed to be vested in the heirs at law of the testator at the death of the testator, or in the heirs at law of the testator at the death of the testator as determined by the statute in force in 1916. Should the second alternative construction prevail, the widow would take a vested interest in fee in the remainder in common with her four children; and, under either construction, as heir at law would take the vested share of any one of the children who deceased without issue, intestate. The provision relating to the disposition of the income upon the death or remarriage of the wife discloses a clear intention to exclude the widow from any interest in principal or income on the happening of either event.

That the intention was not to vest the remainder in the life tenants may be inferred from the fact that they were the sole heirs at law at the time the will was made, that they survived the testator, and that their interest could never vest in possession. *Fargo* v. *Miller,* 150 Mass. 225, 230. *Welch* v. *Brimmer,* 169 Mass. 204, 212. *Heard* v. *Read,* 169 Mass. 216, 223.

We are of opinion that the trustee holds the real estate for the purpose of distribution, independent of R. L. c. 147, § 20, by virtue of the provision of clause four which reads, "my trustees shall divide and distribute all said trust property," and of the

power herein granted in the fifth article to "make, execute and deliver all deeds, leases and other instruments that may be proper in the execution of the trusts and powers conferred upon them." The wills construed in the cases of *Heard* v. *Read,* 171 Mass. 374 and *Cronan* v. *Adams,* 189 Mass. 190, contained no direction to the trustees to distribute the estate and are therefore distinguishable.

It follows that Ethel Whiting Otis, Dwight Whiting, George N. Whiting, John Kenneth Howard, Gertrude H. Whitwell, Frances Sargent Howard, and William D. M. Howard subject to his assignment and deed to Hugo F. Ramacciotti, are entitled to one eighth each of the entire estate; and Olivia Howard, William Henry Howard, Anna Dwight Howard, Gertrude Whitwell Howard and Marion Poett Howard, are entitled to one eighth.

*Decree accordingly.*