LOUIS S. WHITCOMB *vs.* CYRUS W. TAYLOR & others.

Suffolk. Jan. 15. — March 7, 1877. COLT & AMES, JJ., absent.

A testator by his will left all his estate real and personal to his wife, "to have and to hold the same to her use and benefit for and during her natural life," with the power to sell such parts as she might think necessary for her use and maintenance during her life. Then followed a clause giving all the residue which might be left by his widow, after paying certain legacies, to the son of his wife, "to him and his heirs forever;" and, if he should die leaving no issue, the will gave the residue, which should be left by his wife and the son, to A. for life, and if the son died leaving no issue, and after the death of A., to two nieces and a nephew equally. After

the death of the widow, the guardian of the son, a minor, sold by leave of court under the St. of 1868, *c.* 287, a parcel of land left by the testator and held the proceeds as trustee. *Held,* on a bill in equity by the son, on coming of age, for a conveyance of the trust fund to him, that the wife took only a life estate; that the son did not take an estate tail, but a fee determinable in the event of his dying without leaving any issue; and that the trust fund was to be treated as real estate, and the plaintiff was not entitled to have it paid over to him.

BILL IN EQUITY against Cyrus W. Taylor, Frances E. Sawyer, Ellen C. Whitcomb, Mary E. Gates and Francis E. Gates, her husband, and Henry S. Whitcomb, to terminate a trust.

The bill alleged that Levi Whitcomb died on March 26, 1866, leaving a will, which was duly admitted to probate on April 16, 1866; and that by the second clause thereof he devised his real and personal estate to his wife, Mary Eveline Whitcomb, "to have and to hold the same to her use and benefit, for and during her natural life, hereby giving full power and authority to my wife, the said Mary Eveline, to sell any part of said estate, either real or personal, and so much and in such parts as she the said Mary Eveline may think proper and necessary, and apply the proceeds arising from such sale to her own use and maintenance during her natural life."

That the third clause of the will was as follows : " All the rest, residue and remainder of my said estate which my wife, the said Mary Eveline, may leave at her decease, it is my will should be disposed of as follows."

That the fourth to the ninth clause of the will related to certain pecuniary legacies.

That the ninth clause was as follows : " All the rest, residue and remainder of my said estate which may be left by my wife, the said Mary Eveline, and after payment of the aforesaid legacies, I give and bequeath to Louis Sawyer Whitcomb, recently adopted by me, to him and his heirs forever. But if the said Louis Sawyer Whitcomb shall die leaving no issue, then I give and bequeath all the residue and remainder of my said estate which shall be left by my wife, the said Mary Eveline, and the said Louis Sawyer Whitcomb, at their decease, and after payment of the aforesaid legacies, to Frances Ellen Sawyer," "to her for her use and benefit for and during her natural life. But if the said Louis Sawyer Whitcomb shall die leaving no issue, and after the decease of said Frances Ellen Sawyer, then I give and be-

queath all the residue and remainder of my said estate to Emily A. Stowe, Ellen C. Whitcomb and Henry S. Whitcomb, to be divided equally between the said Emily A., Ellen C. and Henry S., to them and their heirs forever."

That all the parties in remainder are living, except Emily A. Stowe, who died on December 12, 1867, leaving no issue or parents, and as her only heirs at law the said Ellen C. and Henry S. Whitcomb and Mary E. Gates, sisters and brother of Emily A. Stowe.

That said Mary Eveline Whitcomb, the testator's widow, did not sell or dispose of said real estate, or any part thereof, or in any way exercise her title or power thereupon, but died on April 26, 1870, intestate, and leaving the plaintiff as her only next of kin and heir at law.

That all the pecuniary legacies and all debts of the testator were fully satisfied out of the personal estate left by him, and no part of said real estate was charged or required therefor.

That, at the time of said Mary Eveline's decease, the plaintiff was a minor, and that, on his mother's decease, the defendant Taylor was on June 20, 1870, duly appointed his guardian by the Probate Court for Suffolk County; that on March 7, 1874, Taylor, as his next friend and guardian, brought his bill in this court, under the St. of 1868, *c.* 287, alleging that the real estate of the testator was unproductive and ought to be sold; and further, that the real estate was incumbered by contingent remainders and limitations, whereby it was not possible to make a good and valid title without the decree of this court under that statute; that a decree was entered upon the bill, and, in accordance with the prayer thereof, on May 22, 1874, directing a sale of the real estate of said testator therein described, and that the proceeds of such sale should be held in trust, invested and paid over " to the same person or persons who would have been entitled to said real estate under said will of Levi Whitcomb, and in the same manner as if no sale of the real estate had been made; " and Taylor was appointed trustee therefor; that Taylor made such sale on May 25, 1874, and received therefrom the gross amount of $4926.33, and claimed to have paid out for taxes and other dues on account of said land the sum of $633.57, and for compensation to himself and expenses

of said proceeding the further sum of $292.76, leaving in his hands as the net proceeds of said sale the sum of $4000, held and to be applied by him under and in accordance with the terms of said decree.

That the plaintiff became of age on January 9, 1876, and was entitled then to receive and possess, as of his own estate and property, said real estate, or the proceeds thereof; but that Taylor neglected and refused to pay and convey to him the proceeds of said real estate, as by right and law he should have done, pretending that the same was held by him in trust for the plaintiff for life only, and that the several parties in remainder were entitled to the principal thereof if the plaintiff died without issue, and that the plaintiff was not entitled even to the possession of said fund.

That the plaintiff on May 22, 1876, made his deed of release and quitclaim to Charles H. Pattee, of all his right, title and interest in or to said property in said Taylor's hands, as such trustee or under the will of said testator, and that, on the same day, Pattee reconveyed the property to the plaintiff by his deed of that date, but that Taylor, though notified of said conveyances, still refused to pay or deliver said property and terminate his alleged trust, as he should have done, and as the plaintiff demanded.

The bill prayed that the trust, under which Taylor professed to act, might be declared determined, and he be directed to pay to and account with the plaintiff for the proceeds of said land, free and discharged from said trust; and for further relief.

The defendant Taylor and Henry and Ellen C. Whitcomb, appeared and admitted the facts recited in the bill, but denied as matter of law that the plaintiff either inherited a fee in the land from his mother, or took a tenancy in tail; but contended that the limitations over, after the plaintiff's decease, were executory devises or contingent remainders, and could not be barred by any sale. They also contended that if there was a tenancy in tail, the same was neither barred by the guardian's sale under the decree nor by the deeds referred to between the plaintiff and Pattee. Mary E. Gates, one of the heirs at law of Emily A. Stowe, with her husband, Francis E. Gates, although served with process, did not appear, and the bill was taken as con-

fessed as to them. The remaining defendant, Frances E. Saw-yer, appeared and admitted the facts in plaintiff's bill, but did not desire to be heard thereon.

Hearing before *Devens*, J., who reserved the case for the determination of the full court upon the question whether the plaintiff was entitled to an absolute conveyance from the trustee of the fund in question.

*J. Willard*, for the plaintiff. 1. The plaintiff had a fee simple in the land sold, by inheritance from his mother, who, by the terms of the will, had a fee, being expressly unrestricted in her power of alienation; and all limitations over were void. *Ide* v. *Ide*, 5 Mass. 500. *Gleason* v. *Fayerweather*, 4 Gray, 348. *Sears* v. *Russell*, 8 Gray, 86, 100. *Bacon* v. *Woodward*, 12 Gray, 376. *Hale* v. *Marsh*, 100 Mass. 468. In *Crossman* v. *Field*, 119 Mass. 170, a declaration that the gift was for maintenance and support of the devisee did not limit her estate, or give validity to the limitations over. The words "what she may leave," imply also an absolute power of disposal in Mrs. Whitcomb, and avoid further limitations. *Attorney General* v. *Hall*, Fitzg. 314. *Ramsdell* v. *Ramsdell*, 21 Me. 288, 293. *Karker's Appeal*, 60 Penn. St. 141.

2. If the plaintiff did not inherit a fee, he took an estate tail under the ninth clause of the will. *Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262. And the further limitations were remainders and not executory devises. *Hawley* v. *Northampton*, 8 Mass. 3, 40.

There is nothing in these limitations, or elsewhere in the will, to restrict the failure of issue to a definite one at his decease. That one of the limitations over was for life, cannot have this effect. 2 Jarman on Wills, 435. *Barlow* v. *Salter*, 17 Ves. 479. *Doe* v. *Owens*, 1 B. & Ad. 318. 2 Fearne Cont. Rem. (Smith's ed.) 282, 283. *Simmons* v. *Simmons*, 8 Sim. 22. *Lepine* v. *Ferard*, 2 Russ. & Myl. 378, 389. *Rye's Settlement*, 10 Hare, 106, 111. In *Roe* v. *Jeffery*, 7 T. R. 589, and in *Ide* v. *Ide*, 5 Mass. 500, 502, the limitations over were of life estates only.

In the ninth clause the words "at their decease" occur only in connection with the mention of the amount of property, not in a limitation of the title thereto, and have no tendency to restrict the failure of issue to the plaintiff's death. They are preceded

by a clear devise over on failure of issue generally. The devise immediately next to the remaindermen in fee is clearly on a general failure of issue, no word of restriction of any sort being used. It is evident that the words in question were introduced in a hasty summing up of the three limitations, already made, which affected the amount of property to go over. The testator is adding no new qualification to the title, but only briefly referring to these limitations, as previously described, viz., Mrs. Whitcomb's death, not having disposed of the property, the plaintiff's death, not leaving issue, and the payment of the legacies. That this was a brief summary, not a full statement, appears further from the words " what shall be left " being used, as if applying to both the plaintiff and his mother, whereas they do not refer to the former, but only to Mrs. Whitcomb, who had an exhaustive power of disposal; unless indeed they are to be taken to admit the plaintiff's power to bar the entail and dispose of the proceeds, which may well have been intended. So far, therefore, as the plaintiff is concerned, the words are referential merely, and tantamount to "so dying," viz., without leaving issue generally. It is clear, also, from the whole will, that no restriction on the plaintiff's interest was intended here in favor of those in remainder, as they severally receive pecuniary legacies, payable before the devise to him takes effect.

*C. F. Kittredge*, for the defendants.

MORTON, J. By the second clause of the will of Levi Whitcomb, his widow took a life estate in the property left by him, with the right to sell such parts as were necessary for her use and maintenance during her life. The language used imports only a life estate; she is " to have and to hold the same to her use and benefit for and during her natural life."

There is nothing in the other parts of the will which, by a fair construction, can enlarge the estate to a fee. This is not a case of a gift of a life estate with a full power of disposition by deed or will, which has sometimes been held to create a fee. *Hale* v. *Marsh*, 100 Mass. 468.

The testator's widow had, under this will, no power of disposing of the property by will; and her power to sell, during her life, was not unrestricted, but was a limited power to sell so much as she deemed necessary for her use and maintenance

during her life. It is clear that the testator intended that she should take a life estate, and there are no rules of law to prevent carrying his intentions into effect.

By the ninth clause of the will the testator gives all the residue of his estate which may be left by his widow, after paying certain legacies, " to Louis Sawyer Whitcomb, recently adopted by me, to him and his heirs forever. But if the said Louis Sawyer Whitcomb shall die leaving no issue, then I give and bequeath all the residue and remainder of my said estate which shall be left by my wife, the said Mary Eveline, and the said Louis Sawyer Whitcomb, at their decease," to Frances Ellen Sawyer for her natural life. The clause further provides that if Louis Sawyer Whitcomb shall die without issue, the said residue at the decease of Frances Ellen Sawyer shall be equally divided between two nieces and a nephew of the testator. The plaintiff contends that under this clause he took an estate tail.

It is the general rule, that if, after a devise to one in fee, a devise over is made in case the first devisee shall die " without leaving issue," the first taker has an estate tail, and the subsequent devisee a remainder. The reason of the rule is, that the language used implies an intention of the testator that the issue of the first taker should take the estate, after their father, as heirs of his body, and that the devise over should not take effect until the indefinite failure of such issue. *Parker* v. *Parker*, 5 Met. 134. *Wheatland* v. *Dodge*, 10 Met. 502. *Hayward* v. *Howe*, 12 Gray, 49. *Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262.

But in the case at bar we think such a construction would defeat the intentions of the testator. The fact that he devises an estate for life to Frances Ellen Sawyer, in case Louis Sawyer Whitcomb should die leaving no issue, with, at her death, a limitation over to his nieces and nephew, then living, has some tendency to show that he did not contemplate that the devise was not to take effect until an indefinite failure of issue, which might not happen until a remote period. The devise over is of " all the residue and remainder of my said estate which shall be left by my wife, the said Mary Eveline, and the said Louis Sawyer Whitcomb, at their decease." This implies that the subsequent devisees were to take the estate which was left at the decease of

Louis Sawyer Whitcomb, and not what was left by any of his issue, and points strongly to the conclusion that the testator intended the devise over to take effect at the decease of Whitcomb if he left no issue, that is, upon a definite failure of issue. Upon the whole will, we are of opinion that such was the intention of the testator. This intention can only be carried into effect by construing the will to give to Louis Sawyer Whitcomb a fee determinable in the event of his dying without leaving issue at his decease. *Richardson* v. *Noyes*, 2 Mass. 56. *Ide* v. *Ide*, 5 Mass. 500. *Brightman* v. *Brightman*, 100 Mass. 238.

The view we have taken renders it unnecessary to consider whether the decree of this court upon the petition of the plaintiff, by his guardian, to sell the estate, under the St. of 1868, *c*. 287, was an adjudication as to the construction of this will which is conclusive upon the plaintiff.

It follows that the plaintiff's bill must be dismissed. At the death of the widow of the testator, the estate in question was real estate. Upon the petition of the plaintiff, who, after the death of the widow, was rightfully in possession, it has been converted into personal property by a decree of this court, under the St. of 1868, *c*. 287.

The statute provides that, when a sale is made under it, " the court shall, if necessary, appoint one or more trustees to hold and invest the proceeds of the sale for the benefit of the persons who would have been entitled to such real estate, and in the same manner as if no sale had been made, and shall fix the form and amount of the bond to be given by such trustees."

The proceeds in the hands of the trustee are to be regarded and treated as real estate, and the plaintiff is not entitled to have them paid over to him. To do so would be entirely inconsistent with the purposes of the statute and of the decree under it, and would change, and might defeat, the rights of the defendants. *Bill dismissed.*