ROSETTA W. FORD *vs.* HEMAN L. TICKNOR.

Berkshire.  September 15, 1897. — October 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Will — Life Estate or Fee — Partition of Real Estate — Bona-Fide Purchaser without Notice.*

E., who was tenant in common of land with his wife R., and who died in 1880, gave her by will his entire estate " to hold to her during her lifetime, with full power to use and dispose of the same as she shall deem right and proper. And after the decease of the said R., I give, devise, and bequeath all the remainder of my said estate to my son, W., to hold to him, his heirs and assigns forever." W., who died in 1893 intestate, left a widow, M., and no issue living, and no real estate except that in controversy, the value of which did not exceed $5,000. R., who died in 1896, gave by will, after a small legacy, the residue of her estate " to my brother H. . . . and his heirs forever." M., having brought a petition for partition against H., who died while the proceedings were pending, T. suggested H.'s death, claiming that H. had conveyed to him the premises, and he was admitted a party defendant. It appeared that T. acted for another, that he had notice of the true state of the title, and that H. and the person for whom T. acted knew all the facts. *Held,* that the power of disposal in R. did not extend to a disposal by will, that a certain deed given by her in 1890 was not an exercise of the power as it was never delivered, that the grantee of H. was his agent and not a *bona fide* purchaser without notice, and that the judgment for partition by the Superior Court should be affirmed.

PETITION to the Probate Court, for partition of land in Great Barrington, removed into the Superior Court. Trial without a jury, before *Bishop,* J., who entered a decree for partition as prayed for, and reported the case for the determination of this court, in substance as follows.

The property which formerly belonged to Horace Ticknor descended on his death, in 1861, to his four children, in equal

shares.  By deed dated February 7, 1862, two of the children conveyed their shares to the other two, viz. to Roselia M. Ford (the wife of Enos Ford hereinafter mentioned) and Morton H. Ticknor, each being thereafterwards seised of one undivided half of the premises as tenants in common.   On July 19, 1864, Morton H. Ticknor executed a deed of all his right in and title to the premises, which deed as recorded ran to Enos Ford as the grantee.   This deed was for the most part in the hand-writing of an attorney, and was witnessed by the attorney and one Seeley.   As originally written, the deed was wholly in the handwriting of the attorney, and ran to Roselia M. Ford, wife of Enos Ford, as grantee, and that it was so signed and acknowl-edged.   Between the time of the signing and acknowledgment of the deed and the time of placing it on record the deed was changed by erasing the name of Roselia M. Ford in the grant, habendum, and covenants and by inserting the name of Enos' Ford; and the words written into the deed to effect this change were in the handwriting of Seeley.   The judge found as a fact that they were written in and the erasures made after the deed was signed and acknowledged, and before it was delivered, and that this was done with the assent of Morton H. Ticknor, Roselia M. Ford, and Enos Ford, and for the purpose and intent on the part of said persons to change the paper so that it would be an operative deed from Morton H. Ticknor to Enos Ford, instead of to Roselia M. Ford, his wife, and that after being so altered it was delivered to Enos Ford ; and upon this finding the judge ruled that it was an operative deed to pass the prop-erty, and did pass the property, to Enos Ford, and that he thereupon became the owner of one undivided half part of the premises as tenant in common with his wife.

Enos Ford died on July 21, 1880, leaving a will duly pro-bated, the material part of which is as follows : " After payment of debts and expenses as aforesaid, I give, devise, and bequeath all the rest and residue of the estate, real and personal and of whatever name or kind, of which I shall die seised and possessed, to my wife, Roselia M. Ford, to hold to her during her lifetime, with full power to use and dispose of the same as she shall deem right and proper.   And after the decease of the said Roselia M., I give, devise, and bequeath all the remainder of my

said estate to my son, Wellington M. Ford, to hold to him, his heirs and assigns forever."

Wellington M. Ford was the only child of Enos and Roselia M. Ford, and was the husband of Rosetta W. Ford, the petitioner. He died October 20, 1893, intestate, leaving the petitioner as his widow, and no issue living, and no real estate except that in controversy in this case, the value of which did not exceed five thousand dollars. Roselia M. Ford survived her husband until February 26, 1896, on which day she died, leaving a will duly probated, the material parts of which are as follows: " First. I direct all my just debts and funeral charges to be paid. Second. I give to my daughter in law, Mrs. Rosetta Ford, the sum of two hundred dollars. Third. All the rest of my estate, real and personal, I give to my brother, Heman L. Ticknor, to him and his heirs forever."

On August 16, 1890, Roselia M. Ford executed a deed of the premises to Heman L. Ticknor of Anoka, Minnesota, which deed was acknowledged and placed on record the same day. The judge found as a fact that the deed was executed and placed on record by Roselia M. and the attorney acting for her, to prevent her interest in the property from being taken to satisfy her liability as bail for her son in criminal proceedings, he having forfeited the same; that the deed was never delivered to the grantee named therein, and that he did not know of its existence for more than a year and a half after its execution, and that the deed was executed and placed on record by said Roselia M. and her attorney as a cover, with the fraudulent purpose of concealing her property from seizure and not with the purpose of conveying the title, and that afterwards during the lifetime of Roselia M., and after proceedings brought against her as bail had been compromised, Heman L. Ticknor, for the purpose of removing the cloud upon the title as of record, executed and sent to her a deed of release of the property, and that the same was received by her and kept among her papers, and there found at her decease, but was never recorded. The judge found that said deed of release was delivered to said · Roselia M. Ford. He also found as a fact that the two deeds of Roselia M. Ford to Heman L. Ticknor, and Heman L. Ticknor to Roselia M. Ford, constituted a transaction by which

it was apparently intended to put the property out of Roselia's hands on the record, without actually transferring the ownership, and afterwards to restore the record to conform to the fact of ownership.

The respondent contended, and asked the judge to rule, (1) that by the will of Enos Ford, as matter of law, the widow took an absolute estate in the property of her husband ; (2) that if under said will she did not take an estate in fee, she took a life interest, with full power of disposal either by will or deed, and that she executed this power of disposal by her will hereinbefore recited.

During the pendency of the proceedings, the respondent died, and on May 26, 1897, Walter H. Ticknor of Alford, by a paper filed in the cause, suggested his death, and set forth that prior thereto Heman L. Ticknor had conveyed to him the said Walter H. Ticknor the premises described in the petition, and said Walter H. prayed to be admitted a party defendant, and was so admitted and filed an answer.  It appeared in evidence, that on April 15, 1896, Heman L. conveyed the premises to Walter H. by deed duly executed, and that the same was recorded on April 27, 1896.  The consideration mentioned in the deed was one dollar, and it appeared in evidence, and the judge found as a fact, that, Henry L. Wilcox having sought to purchase the property, and the said Walter H. Ticknor being agent of said Heman L. Ticknor at that time, and the present question as to title having arisen, Heman L. Ticknor deeded the property to Walter H. Ticknor at the suggestion of Wilcox, so that Wilcox might make a contract with him, Wilcox preferring to deal with him.  Said Walter H. paid Heman L. one dollar and gave him his promissory note for eighteen hundred dollars, and afterwards gave a bond for a deed to Henry L. Wilcox, by which Wilcox agreed to buy the property at a certain price, and Wilcox went into the occupancy of the premises under the contract, which was still in force.

The respondent asked the judge to rule that Walter H. Ticknor had a right to rely on the title as it appeared upon the record, even if the deed to Heman L. had never been delivered.  The judge declined so to rule, and ruled that the deed from Roselia M. Ford to Heman L. Ticknor did not

operate as an execution of the power in the will of Enos Ford, and ruled and found that the will of Enos Ford did not give to Roselia M. Ford a power to dispose of his estate by will. If the rulings were wrong, the petition was to be dismissed; otherwise, the decree for partition was to be affirmed, or such other judgment entered as law and justice might require.

*M. Wilcox*, for the respondent.

*H. C. Joyner & G. C. Warner*, for the petitioner.

BARKER, J. 1. The question raised at the trial in the Superior Court, as to the effect of the deed from Morton H. Ticknor to Enos Ford, is not argued by the respondent. We treat it as waived, and assume that, as found by the Superior Court, from the time of the delivery of that deed to the time of the death of Enos Ford, he and his wife, Roselia M. Ford, were tenants in common of the land now sought to be partitioned, each owning one undivided half.

2. Roselia M. Ford had no power to dispose by will of the one undivided half of the land of which her husband died seised. His family consisted of his wife and a son. The material part of his will is this: " After payment of debts and expenses as aforesaid, I give, devise, and bequeath all the rest and residue of the estate, real and personal and of whatever name or kind, of which I shall die seised and possessed, to my wife Roselia M. Ford, to hold to her during her lifetime, with full power to use and dispose of the same as she shall deem right and proper. And after the decease of the said Roselia M., I give, devise, and bequeath all the remainder of my said estate to my son, Wellington M. Ford, to hold to him, his heirs and assigns forever."

The respondent urges that the devise for life to the wife, " with full power to use and dispose of the same as she shall deem right and proper," gave her, if not a fee, a power of disposal by will, and relies upon the case of *Burbank* v. *Sweeney*, 161 Mass. 490, in support of his contention. But in that case the testator, having no children, gave out of the remainder after the life estate legacies to two of his heirs, and left the rest for his wife to dispose of as she might deem expedient, he himself disposing of it only " in the event that she should make no disposition of it during her lifetime." There the dominant purpose

of the clause which was held to give the power of disposal by will was to authorize the wife to dispose of the property, and the testator disposed of it only in the event that she did not. Here the dominant purpose is to give the wife a life estate, with a remainder given by the testator to his son, and the power of disposal is merely incidental to the life estate to make it fully effectual, and so that, if she deems best, her use of it during her life may exhaust the full value of the property. We regard the power in the present case as one only to be exercised during the active enjoyment of the life estate, and in aid of that enjoyment. The deed of August 16, 1890, was not an exercise of the power as it was never delivered.

3. Walter H. Ticknor, to whom Heman L. made a conveyance, was a mere agent of the latter, and not a *bona fide* purchaser. He had notice of the true state of the title, and Heman L., and the person to whom he bargained the land knew all the facts. The ruling that Walter H. could rely upon the record title was rightly refused.

*Judgment for partition affirmed.*