SUSAN F. LEWIS & another, executors, vs. GRANT W.
SHATTUCK, administrator, & others.

Middlesex.    March 27, 1899. — May 20, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Devise and Legacy — Disposition by Executor of Proceeds of Sale of Land under
Power — Rights of Life Tenant.*

A testator by his will gave to his wife E. "all my estate remaining after the pay-
ment of my just debts and funeral expenses as above specified both real and
personal and mixed, wherever to be found, for her own use and benefit, during
her natural life upon the condition that she the said E. remains my widow, and
that she the said E. is not to make a gift or donation out of said property to
any of her heirs or blood relation"; and also gave "to my lawful heirs all that
remains of the property devised above to my wife E., at her decease or at her
second marriage." *Held*, that the will created a life estate only in the testator's
widow.
Where property is given by will for life with remainder over, if no trustee is ap-
pointed, and land has been turned into money by the execution of a power of
sale, the executor is to hold the fund and is to pay the interest only to the
person entitled for life.

APPEAL, by the executors of the will of Reuben Lewis, who
was the executor of the will of Sumner Shattuck, from a decree.
of the Probate Court, construing the latter will and revising the
account of the executor. Hearing before *Knowlton*, J., who
entered two decrees; from each of which the appellants appealed
to the full court. The facts appear in the opinion.

*G. S. Boutwell*, for the appellants.

*B. B. Johnson*, for the appellees.

HOLMES, J. This is an appeal from a decree of a single jus-
tice upon appeal from the Probate Court construing the will of
Sumner Shattuck, and also an appeal from another decree of
the same justice upon the second account of Sumner Shattuck's
executor, requiring him to charge himself in accordance with
the construction given to the will.

The executor charged himself with eighteen hundred dollars
received from the sale of real estate, and asked to be allowed
for a payment of one thousand dollars out of that sum to the
widow. The decrees of the single justice disallowed the pay-

ment, and declared that the widow was entitled to an estate for life only, subject to be terminated by a second marriage, and that the executor was to pay her the income only of the fund.

The material parts of the will are as follows : " Secondly, I give, bequeath, and devise to my beloved wife Emerline Shattuck all my estate remaining after the payment of my just debts and funeral expenses as above specified both real and personal and mixed, wherever to be found, for her own use and benefit, during her natural life upon the condition that she the said Emerline remains my widow and that she the said Emerline is not to make a gift or donation out of said property to any of her heirs or blood relation.　Thirdly, I give, bequeath, and devise to my lawful heirs all that remains of the property devised above to my wife Emerline Shattuck, at her decease or at her second marriage."　The executor is given a power of sale.

It may be that the words in which the testator made a gift to his wife, " for her own use and benefit, during her natural life," conveyed to his mind the notion of an absolute power of disposition on her part.　The provision that she was not to make a gift out of said property to any of her heirs or blood relation suggests that notion, as does also the limitation of " all that remains " after her death by way of remainder.　But this is conjecture. On the other hand, the words of limitation taken by themselves create a life estate and nothing else.　They are perfectly clear and free from doubt.　We cannot enlarge or change their meaning to one which they are not apt to convey according to common speech or technical use, on the strength of such slight indications as those mentioned above.　No evidence dehors the will could have that effect, and for other language of the instrument itself to do so it would have to be very clear.　See *White* v. *Sawyer*, 13 Met. 546 ; *Blanchard* v. *Blanchard*, 1 Allen, 223, 225 ; *Whitcomb* v. *Taylor*, 122 Mass. 243.　In *Fiske* v. *Cobb*, 6 Gray, 144, cited for the executor of Sumner Shattuck's executor, the legacy was not a life interest but an absolute gift, which at most was only possibly liable to be cut down.

Where money is given for life with remainder over, if no trustee is appointed, the executor is to hold the fund and is to pay the interest only to the person entitled for life.　*Dorr* v. *Wainwright*, 13 Pick. 328, 331.　*White* v. *Massachusetts Institute*

*of Technology,* 171 Mass. 84, 96. It seems to us that the same rule should be applied when land has been turned into money by the execution of a power of sale. See *Whitcomb* v. *Taylor,* 122 Mass. 243, 250 ; *Mayo* v. *Merritt,* 107 Mass. 505, 506.

*Decrees affirmed.*