FRANCES B. SAWIN *vs.* HARRY E. CORMIER.

Suffolk.    May 22, 1901. — June 19, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise*, Construction.

A testator left the residue of his estate to his wife "to have and to hold at her free will and disposal during the remainder of her life," and, at her death, left "such portions of the estate as may remain" to his daughter. In an action by the widow of the testator to recover damages for a refusal to purchase from her certain land on the ground that she could not give a good title under her husband's will, it was *held*, that the testator left the plaintiff the disposal of his estate and the determination of how much of it should remain, and therefore that she had at least a power to convey a fee.

CONTRACT by the widow of Calvin Heyward Sawin for alleged breach of an agreement to purchase from her a certain lot of land acquired by her under the will of her late husband.   Writ dated March 18, 1901.

The answer admitted the agreement and that the plaintiff offered to perform as alleged, but alleged that the only title of the plaintiff to the premises she agreed to convey was derived from the will of Calvin Heyward Sawin, and that her title was not such as to enable her to convey to the defendant a clear title in fee simple, and that for that reason the defendant refused to perform.

The Superior Court upon agreed facts gave judgment for the plaintiff; and the defendant appealed.

*H. W. Bragg,* for the defendant.

*W. W. Stover & E. L. Sweetser,* for the plaintiff.

HOLMES, C. J.   This is an action for refusing to perform an agreement to purchase certain land left to the plaintiff by her husband.   It is here by appeal after judgment for the plaintiff upon agreed facts, of which the foregoing and the will alone are important.   The only question is whether the will enables the plaintiff to give a good title.

The material words are as follows: "All the rest of my Estate both Real and Personal I give to my beloved wife Frances Burton Sawin, to have and to hold at her free will and disposal

during the remainder of her life; at her death such portions of the Estate as may remain, I hereby direct and bequeath to my daughter Cora Frances Osgood or her heirs.   In case of her death, and leaving no children, I hereby bequeath the remainder to be divided equally between my other legal heirs."

"To hold at her free will and disposal" are stronger words than naturally would be used for the enjoyment of a life estate without more.   *Ford* v. *Ticknor*, 169 Mass. 276, 280.   The meaning is made clearer by the words "such portions of the estate as may remain."   *Gifford* v. *Choate*, 100 Mass. 343, 346.   *Attorney General* v. *Hall*, FitzG. 314, 321.   Taking the two together, we are of opinion that the testator left to the disposal of the plaintiff how much of his estate should remain, and therefore that she had at least a power to convey a fee.   *Johnson* v. *Battelle*, 125 Mass. 453.

*Judgment for plaintiff.*