CHARLES G. WOODBRIDGE & another *vs.* DORA S. JONES & others.

Essex.　March 4, 5, 1903. — June 18, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Report.　*Devise,* Construction.　*Words,* "Dispose", "Remainder."

In a report to this court of a case involving the interpretation of a clause in a will the whole will should be placed before the court.

A clause of a will was as follows: "I devise and bequeath all the rest and residue of my estate, both real and personal, to my wife, S., during her life, to use and

dispose of the same as she may think proper, with remainder thereof on her decease, one third to the heirs of my brother I., one third to the heirs of 'my brother J., and the balance to D. above mentioned." The testator had no children and S. was his second wife. His property was not large. *Held*, that S. took a life estate with the power to make an absolute conveyance of any part of the property during her life, and that the remainders, although they vested upon the death of the testator, were subject to be divested as to any part of the estate by the exercise of that power.

PETITION, filed February 25, 1901, for registration of title under the land registration act, St. 1898, c. 562, R. L. c. 128, to a parcel of land on the corner of Denver and Central Streets in the town of Saugus, known as the Salmon Snow place and being a portion of the real estate formerly owned by William H. Twiss, late of Saugus, deceased. The respondents in their answer denied that the petitioners were seised in fee simple of the premises described in the petition, for the reason that as a matter of law the second clause of the will of William H. Twiss did not empower Sarepta Twiss, grantor of the petitioners, to give a good and valid deed of the premises.

The case was tried before *Davis*, J. The second clause of the will of William H. Twiss is quoted by the court.

The property in question, together with other land, had been conveyed to the testator in January, 1881, by Nancy Snow, the mother of the testator's first wife, and the great grandmother of the defendant Dora S. Jones. The testator and his second wife, Sarepta Twiss, were married in 1858. In 1878 Nancy Snow, then a widow, who had for some years lived alone and had received much care from the testator and Sarepta, having become old and feeble was brought by the testator to his own home and there cared for by the testator and Sarepta until 1887, when she died at the age of eighty-seven years, devising all her property, to the appraised value of $1,526, to William H. Twiss, with the exception of a legacy of $50 to her grandson, the father of Dora S. Jones.

The probate inventory of the estate of William H. Twiss showed real estate to an appraised value of $5,985, and personal estate to an appraised value of $12,793, the premises in question being appraised at $1,900.

On January 30, 1901, the premises were conveyed to the petitioners by Sarepta Twiss by a full warranty deed in common form.

On the foregoing facts the judge ruled as matter of law, first, that under the second clause of the will of William H. Twiss, his widow, Sarepta Twiss, took a life estate in the premises in suit, with a power of disposing of the same in fee simple; and second, that the deed from her to the petitioners of January 30, 1901, was a valid exercise of such power; and filed a decision ordering a decree for the petitioners. At the request of the respondents, he reported the case upon the foregoing facts, rulings, and decision, for determination by this court.

If the rulings were right, a final decree was to be entered for the petitioners as ordered. If the rulings were wrong, a final decree was to be entered dismissing the petition.

*E. M. Stevens,* for the petitioners.

*W. B. Grant,* for Dora S. Jones.

*G. C. Richards,* for heirs of deceased brothers of the testator.

HAMMOND, J. Before proceeding to the consideration of this case, we desire to comment upon the form of the report. The report calls for the interpretation of a clause in a will. In such a case, for reasons too obvious to be stated, not only the clause itself but the whole will should be placed before us; and where that is not done we cannot be entirely free from apprehension that something which, if placed before us, would have thrown light upon the question involved, may have been omitted, and, in a close case, that the thing omitted might have led us to a different conclusion. In the report before us no part of the will is contained in the report except the clause upon which the question before us has arisen, and we therefore enter upon the consideration of it with reluctance.

The clause is as follows: " I devise and bequeath all the rest and residue of my estate, both real and personal, to my wife, Sarepta Twiss, during her life, to use and dispose of the same as she may think proper, with remainder thereof on her decease, one third to the heirs of my brother Isaac Twiss, one third to the heirs of my brother John G. Twiss, and the balance to Dora S. Jones above mentioned "; and the question is whether the life tenant had the power to dispose of any portion of the real estate in fee. It is a narrow and difficult question. If the writer of this will had studied the decisions made in this State and elsewhere, with a view to frame a clause which in that respect

should be as ambiguous and obscure as possible, it is doubtful if he could have selected language more appropriate for his purpose than that which he actually used. As to a student in geometry it sometimes happens that a solid angle in a particular figure before him will seem at one moment to point upward and at another moment downward, so the interpretation of this clause seems to change according as emphasis is placed on the word "dispose" on the one hand, or on the technical meaning of the word "remainder" on the other.

On the one hand it is urged that by the express language of the will there is devised to the wife a life estate only, with the remainder to the other devisees named in the clause; that the word "remainder" is used in its proper technical sense, namely, as describing an estate limited to take effect and to be enjoyed after the determination of another estate which is created with it, and that in this case the previous estate is a life estate; that if the testator had meant by the word to indicate only such property as remained undisposed of at the decease of the life tenant, he would have avoided this technical word and would have used some such phrase as "whatever remains"; that as against the technical meaning of the word "remainder" the testator, by the phrase "to use and dispose of the same as she may think proper," meant simply to emphasize in express language the powers over the property which are conferred by law upon the life tenant as such, just as sometimes similar language following a devise in fee has been held to describe expressly only what the law would have implied, and therefore to be of no real legal effect. See *Veeder* v. *Meader,* 157 Mass. 413.

On the other hand it is urged that the word "dispose" is broad enough to include a conveyance in fee, and that to limit its operation to only such power as the law gives to a life tenant strictly as such is to give to it no meaning at all; that the word "same" clearly refers to the property itself and not merely to the life estate, (see the language of Chapman, C. J. in *Cummings* v. *Shaw,* 108 Mass. 159, in which case, however, there was no devise over,) and that the word "remainder" is not used in its technical sense but simply means whatever property shall remain undisposed of at the time of the decease of the life tenant. See *Ford* v. *Ticknor,* 169 Mass. 276.

While we are not aware of any case where the language of the will is precisely like this, still authorities may be found which in their general effect would fairly seem to sustain either of these views, and, as we have said, the question, though narrow, is difficult.

The facts respecting the circumstances of the testator and his relation to the objects of his bounty as set forth in the report, bear some in favor of one interpretation and some in favor of the other. The testator had no children, and the life tenant was his second wife. His property was not large, and he may have felt that the income would be insufficient for her support.

On the whole we are inclined to the view that the word "same" refers to the property and not to the life estate; that the word "dispose" includes a disposition by a conveyance absolute and in fee simple, and that therefore the life tenant had the power during her life to make such a conveyance of a part or the whole of the property; and that the word "remainder," while used in a technical sense, must still be held as subordinate to the power given as above stated to the life tenant and as liable to be defeated as to any part of the estate over which the power is exercised. This construction gives effect to the clause conferring the right to dispose, is not inconsistent with the technical meaning of the word "remainder," but simply makes the estate described by it, while vesting upon the decease of the testator, yet defeasible by the exercise of the power conferred upon the life tenant. In a word, it gives effect to every clause, and is not inconsistent with what might reasonably be supposed to have been the intention of the testator. For cases where language somewhat similar to that used in this will has been construed in this State, see *Cummings* v. *Shaw*, 108 Mass. 159; *Ford* v. *Ticknor*, 169 Mass. 276; *Knight* v. *Knight*, 162 Mass. 460, and cases cited; *Collins* v. *Wickwire*, 162 Mass. 143; *Sawin* v. *Cormier*, 179 Mass. 420; *Lewis* v. *Shattuck*, 173 Mass. 486; *Burbank* v. *Sweeney*, 161 Mass. 490; and for cases decided elsewhere, and which seem somewhat in conflict with each other, see *Roberts* v. *Lewis*, 153 U. S. 367; *Giles* v. *Little*, 104 U. S. 291; *Little* v. *Giles*, 25 Neb. 313; *Brant* v. *Virginia Coal & Iron Co.* 93 U. S. 326; *Patty* v. *Goolsby*, 51 Ark. 61; *Whittemore* v. *Russell*, 80 Maine, 297.

*Decree for the petitioners as ordered.*