SHEPARD F. BATES *vs.* JENNIE M. KINGSLEY & others.

Hampshire.   February 25, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Devise and Legacy*, Residuary clause.  *Words*, "Remainder."

A widow without children wrote her will in nine clauses upon a printed form and, after a clause providing for the payment of her debts, in four clauses made pecuniary bequests disposing of $800 and three pieces of furniture, and in a sixth clause disposed of her wearing apparel. The seventh clause read as follows: "I bequeath and devise my Silver, and Jewelry as follows; To . . . [four women by name] . . . )They to divide it up between Themselves) And also the remainder if any." The eighth clause related to her funeral and the disposition of her remains, and the last clause appointed an executor. Of the four persons named, two were her nieces and with the other two her relations had been affectionate. Her feelings toward a brother were not so friendly. At the time the will was made the testatrix's only prospective heir was her father, an aged man whose support had been assumed by others. The value of the silver and jewelry mentioned in the seventh clause was $5. *Held*, that by the words "And also the remainder if any," the testatrix disposed of the residue of her property, including the real estate.

RUGG, C. J.  This is a petition for the interpretation of the will of Emma L. Brewster, who died a childless widow, leaving personal property of about $1,994 and real estate of about $3,000 in value.  Her will consists of nine clauses.  By the first she provided for the payment of her debts.  The next four gave pecuniary bequests amounting in all to $800 to three of which there was added a piece of furniture.  The sixth clause disposed of her wearing apparel.  The seventh, to which this petition relates, is in these words:

" I bequeath and devise my Silver, and Jewelry as follows; To Mrs. Harry Kingsley & Viva Bates — Marion Bates and Elsa W. Carlander. )They to divide it up between Themselves)  And also the remainder if any. "  The eighth clause relates to her funeral and the disposition of her remains, and the ninth to the appointment of her executor.

The question to be decided is whether by the seventh clause the testatrix disposed of her real estate and of the residue of her personal estate, or whether that is in whole or in part intestate

estate. There is a general presumption founded on common experience that one who makes a will intends to dispose of all his property and to leave no intestate estate. This general presumption is of some assistance in doubtful cases. *Jones* v. *Gane,* 205 Mass. 37, 43. On the other hand it has been held that a will which does not manifest an intent to dispose of the entire estate of the testator, and in which the bequests all relate to articles of furniture, books or money specified with great minuteness, concluding with the words "all the residue of my furniture and estate whatever and wherever it may be" includes " only other property and estate *ejusdem generis,*" and does not dispose of real estate. *Bullard* v. *Goffe,* 20 Pick. 252. All the circumstances under which a testator executed a will may be considered in order to determine the sense in which testamentary language was used. *Polsey* v. *Newton,* 199 Mass. 450.

The present testatrix for many years had had the care of children. Her father, who was her only prospective heir at law at the time her will was executed, was far advanced in years and was not in the possession of all his faculties. He lived with one of two sons to whom his property had been conveyed upon the agreement that he should be given comfortable support during his life. This agreement seems to have been carried out. Of the four persons mentioned in clause seventh, two were her nieces. She had brought up Elsa W. Carlander from a small child and generally called her daughter, who in turn spoke of the testatrix as mother, although there was no kinship between them. Mrs. Kingsley was the wife of a nephew of the husband of the testatrix. This nephew had been brought up by the testatrix and her husband, with whom he made his home until he was married. The four were visitors at her house for considerable periods of each year.

It has been found by the single justice * that the relations between the testatrix and the four persons named in clause seventh "were affectionate and that she was fond of them, but that, for some reason, her feelings were not as friendly towards her brother Shepard, the petitioner, though the intercourse be-

---

* *Morton,* J., who reported the case for determination by the full court.

tween them was in general such as might naturally be expected of brother and sister." A facsimile copy of the will, which is annexed to the record, shows that it was written by the testatrix herself upon a printed form. The total value of the silver and jewelry was about $5.

This will is an informal instrument. The seventh clause in position is where a residuary clause would be found commonly. It follows immediately after those giving pecuniary legacies and specific bequests. The donative phrase with which the clause opens, namely, "I bequeath and devise" is technically apt to dispose of real estate. The persons therein named were her dearest friends with whom for many years her association had been very intimate. Although Mrs. Kingsley and Miss Carlander were given small pecuniary legacies by earlier clauses, her two nieces were not so remembered. They would receive a small amount unless this is construed as a true residuary clause. The words, "And also the remainder if any," can have no meaning unless construed to include something more than the jewelry. There was no "remainder" of the jewelry because it all was disposed of. These words are disconnected from the other bequests of the clause, and hence naturally would be given a broad interpretation. "Remainder" is a word sufficiently comprehensive in meaning to include whatever may be left of the estate after paying the earlier bequests, including land as well as money. In its strictly legal significance, it relates to real estate. *Woodbridge* v. *Jones*, 183 Mass. 549.

These considerations are enough to distinguish the case at bar from *Bullard* v. *Goffe*, 20 Pick. 252, and to indicate a purpose to include in clause seventh not only the rest of the personal property but also the real estate of the testatrix.

*Decree accordingly.*

The case was submitted on briefs.

*E. L. Shaw & A. J. Morse,* for the petitioner.

*G. P. O'Donnell, J. B. O'Donnell & W. L. Stevens,* for the respondents.