FREDERICK E. GOODRICH, executor, *vs.* THEODORA G. HENDERSON & others.

Suffolk.   January 21, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Devise and Legacy.   Conflict of Laws.   Guardian, Ad litem.   Equity Pleading and Practice,* Costs.

A testatrix, who was survived by her husband, provided by her will that from the income of the residue of her property there should be paid $300 a year to her two aunts and the survivor of them, and then provided as follows: "All the rest and residue of my estate, of every kind and nature, I give to my husband, [naming him] for his life, and I empower him to use the principal of said estate for any purpose which he may deem expedient.   Upon the death of my said husband, or in case he shall not survive me, so much as may remain of said

residue shall be divided into three equal parts, of which I give one to each of my children." *Held*, that until the death of both aunts the husband of the testatrix could not exercise his power of spending and consuming the principal to such an extent that the remaining principal would not produce $300 a year; but that, subject to this charge, he had the right during his lifetime of spending and consuming the principal for any purpose which he in good faith deemed expedient.

Upon a bill for instructions as to the construction of the will of a testatrix, who at the time of the execution of her will was a resident of another State but at the time of her death was a resident of this Commonwealth where her will was proved, it was not necessary to decide by the law of which State the language of the will was to be interpreted, because in regard to the question to be passed upon the law of the two States was the same.

Upon a bill for instructions the executor of a will is entitled to be instructed only as to matters in regard to which it is his duty to act at the time the bill is filed.

A guardian *ad litem* appointed by the court is entitled to have his expenses ordered to be paid out of the fund claimed by the litigants.

Where in a suit in equity by an executor for instructions the meaning of the will is so plain that there was no sufficient reason for the contending defendants to have insisted upon the opinion of this court being asked for, costs as between solicitor and client will not be allowed out of the fund to the defendants whose plainly untenable contentions made it necessary for the executor to bring the bill for instructions.

BILL IN EQUITY, filed as a substitute bill in the Supreme Judicial Court on December 31, 1914, by the executor of the will of Elizabeth P. Goodrich, late of Boston, who was the wife of the plaintiff and died in the year 1911, her will having been proved on September 7 of that year, for instructions as to the powers and duties of the plaintiff as executor and as legatee.

The will of the testatrix, after pecuniary legacies to the three children of the testatrix (two sons and a daughter) and to other persons, disposed of the residue of her estate as follows:

"4. From the income of the balance of my estate, I direct the payment of Twenty-five dollars ($25.00) per month to my two aunts, Mary C. Stebbins and Lucy B. Stebbins, of Springfield Mass., jointly, during their natural lives, or to the survivor of them.

"5. All the rest and residue of my estate, of every kind and nature, I give to my husband, Frederick E. Goodrich, for his life, and I empower him to use the principal of said estate for any purpose which he may deem expedient.

"6. Upon the death of my said husband, or in case he shall not survive me, so much as may remain of said residue shall be divided into three equal parts, of which I give one to each of my children. If, at the termination of this life estate, any of

my children be dead, leaving a widow surviving, then his share is to go to his widow for life, with remainder over to his children."

The case came on to be heard before *Pierce*, J., who reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

The case was submitted on briefs.

*T. J. Barry & D. Harris*, for the plaintiff.

*W. H. Shea*, for the defendants Harold B. and David P. Goodrich.

*T. F. Burns*, guardian *ad litem* of contingent interests.

LORING, J. The plaintiff is entitled under the will of his wife to the income of the residue of her property during his life, with a power of spending and consuming the principal subject to the charge, amounting to $300 a year, in favor of the two aunts of the testatrix until the death of the survivor of them. Until the death of both aunts the plaintiff cannot exercise his power of spending and consuming the principal so that the remaining principal will not produce $300 a year. Subject to that he has the right during his lifetime to spend and consume the principal for any purpose which he in good faith may deem expedient.

It is pointed out by the plaintiff's sons (two of the three defendants) that (1) in *Woodbridge* v. *Jones*, 183 Mass. 549, and in *Ford* v. *Ticknor*, 169 Mass. 276, the testator used the words "use and dispose;" that (2) in *Cummings* v. *Shaw*, 108 Mass. 159, *Smith* v. *Snow*, 123 Mass. 323, *Taft* v. *Taft*, 130 Mass. 461, *Collins* v. *Wickwire*, 162 Mass. 143, and in *Knight* v. *Knight*, 162 Mass. 460, the testator used the word "dispose," and that (3) in *Kuhn* v. *Webster*, 12 Gray, 3, the words used were "sell, exchange, alter or otherwise dispose of." There is nothing technical in the matter now before us. Any words are sufficient which show that it was the intention of the testator that the life tenant should have a power of spending and consuming the principal in addition to the income during his life. It is plain that in connection with the gift over of "so much as may remain of said residue" the provision here in question ("I empower him to use the principal of said estate for any purpose which he may deem expedient") gave the life tenant the power stated above of spending and consuming the principal. The case is covered by *Allen* v. *Hunt*, 213 Mass. 276. See also in this connection *Kent* v. *Mor-*

*rison*, 153 Mass. 137; *Dodge* v. *Moore*, 100 Mass. 335.   The matter is too plain to require a careful collection of the authorities.

The plaintiff's two sons have placed much reliance upon *Glover* v. *Stillson*, 56 Conn. 316, and on *Security Co.* v. *Hardenburgh*, 53 Conn. 169, on the ground that the testatrix was a resident of Connecticut when the will was executed although she was a resident of this Commonwealth when she died.   We do not find it necessary to decide which State is to be looked to in such a case, because there is nothing in these two cases which is in conflict with our own decisions.   This is so plainly evident that it is not necessary to go into them in detail.

There is nothing in the agreed facts which affects the construction which must be given to the will without reference to them.

The other questions argued are not on matters with respect to which the executor has to act at the present time, and therefore are not questions upon which the plaintiff is entitled to the instructions of the court.   See for example *Bullard* v. *Chandler*, 149 Mass. 532; *Peabody* v. *Tyszkiewicz*, 191 Mass. 317; *Bailey* v. *Smith*, 214 Mass. 114.

There was no sufficient reason for the defendants insisting upon the opinion of the full court being taken.   The guardian *ad litem* having been appointed by the court, his expenses must be paid.   But no other costs or allowances out of the fund are to be made by the court.   Nothing which we have said is to be taken to prevent the plaintiff paying his expenses of this litigation out of the principal of the fund.

*Ordered accordingly.*